ZAVALA COUNTY CIVIL DOCKET
CAUSE # 16-03-13671-ZCV

RODRIGUEZ, JORGE
RODRIGUEZ, MARIA
　　VS.
METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

CAUSE OF ACTION: OTHER CONTRACT
FILE DATE: 03/23/2016

| DATE | NATURE OF PROCEEDINGS |
|---|---|
| 03/23/2016 | ORIGINAL PETITION CIVIL |
| | EF_CV_17-PETITION FILING CODE CHOSEN, FILING DESCRIPTION-ORIGINAL PETITION |
| 03/23/2016 | JURY FEE |
| 03/23/2016 | ISSUE CITATION |
| 03/23/2016 | COPIES  NON-CERTIFIED |
| 03/23/2016 | SERVICE  CERTIFIED MAIL |
| 03/23/2016 | LEAD ATTACHMENT |
| 03/23/2016 | LEAD ATTACHMENT |
| 03/29/2016 | RECEIPT ISSUED |
| 204000 | |
| 04/13/2016 | RETURNED CERTIFIED MAIL RECEIPT |
| 04/20/2016 | RETURNED CERTIFIED GREEN CARD |
| 04/26/2016 | ANSWER/RESPONSE |
| | FILING DESCRIPTION-DEFENDANT'S ORIGINAL ANSWER |


EXHIBIT A

Filed 3/23/2016 3:03:14 PM
Rachel P. Ramirez
District Clerk
Zavala County, Texas

Noelia Martinez

CAUSE NO. 16-03-13671-ZCV

| | | |
|---|---|---|
| JORGE RODRIGUEZ AND | § | |
| MARIA RODRIGUEZ | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | Zavala County - 365th District Court |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| *Defendant* | § | ZAVALA COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JORGE RODRIGUEZ AND MARIA RODRIGUEZ**, complaining of **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS**, and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiffs are residents of Zavala County, Texas.

3. Defendant Metropolitan Lloyds Insurance Company of Texas is a Texas Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Metropolitan Lloyds Insurance Company of Texas (hereinafter "Metropolitan") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Zavala County,

Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiffs are the owners of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Metropolitan.

6. Plaintiffs own the insured property, located at 809 N 1st Avenue, Crystal City, Texas 78839 (hereinafter referred to as "the Property").

7. Metropolitan sold the Policy insuring the property to Plaintiffs.

8. On or about November 22, 2014, Plaintiffs sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of November 22, 2014, a strong supercell thunderstorm moved through the Crystal City, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the November 22, 2014 storm. Plaintiffs requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiffs reported the damage to the covered Property to the Defendant Metropolitan. The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiffs. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiffs have with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiffs have not been paid the full value of the damages suffered to their home.

12. Defendant Metropolitan failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Metropolitan has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiffs. Defendant Metropolitan's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Metropolitan has misrepresented to Plaintiffs there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Metropolitan failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Metropolitan failed to adequately explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant Metropolitan failed to offer Plaintiffs adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Metropolitan did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Metropolitan's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.

Tex. Ins. Code §541.060(a)(3).

16. Defendant Metropolitan refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant Metropolitan failed to conduct a reasonable investigation. Specifically, Defendant Metropolitan performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Metropolitan failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Defendant Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiffs presented their claim to Defendant Metropolitan, the liability of Defendant Metropolitan to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Metropolitan has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Metropolitan knowingly or recklessly made false representations, as

described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

21. As a result of Defendant Metropolitan's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Metropolitan

22. Defendant Metropolitan is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Metropolitan's conduct constitutes a breach of the insurance contract made between Defendant Metropolitan and Plaintiffs.

24. Defendant Metropolitan's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Metropolitan's insurance contract with Plaintiffs.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Metropolitan's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Metropolitan's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Metropolitan's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Metropolitan's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Metropolitan's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Metropolitan's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Metropolitan knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33. Defendant Metropolitan is liable to Plaintiffs for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant Metropolitan knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### VI. DAMAGES

37. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct

result of Defendant Metropolitan's mishandling of Plaintiffs' claim in violation of the laws set forth above.

39. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals

and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiffs seek monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

50. Under Texas Rule of Civil Procedure 194, Plaintiffs request that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiffs' 1st Requests for Production to Defendant Metropolitan

51. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege

for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider these Plaintiffs' request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By: _____

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056

(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFFS

Filed 4/26/2016 3:45:03 PM
Rachel P. Ramirez
District Clerk
Zavala County, Texas

Martina Delgado

CAUSE NO. 16-03-13671-ZCV

| | | |
|---|---|---|
| JORGE RODRIGUEZ AND MARIA RODRIGUEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | ZAVALA COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND CHRISTOPHER BUCHANAN, | § § § § § | |
| Defendants. | § | 365th JUDICIAL DISTRICT COURT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Pleading further, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1. **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**; and
   B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
We cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

**COVERAGE C - PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2. **Windstorm or Hail**
   **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

### SECTION I - LOSSES WE DO NOT COVER

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

   D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

      1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

2. **We** do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion I. above and Exclusion 3. Below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss. The items are:

    A.    conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, and that pungent or without fault;
    B.    defective, inadequate, faulty or unsound;
        1.    planning, zoning, development, surveying, siting;
        2.    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        3.    materials used in repair, construction, renovation or remodeling; or
        4.    maintenance;
of any property whether on or off the **residence premises**. Property includes land, structures or inprovements of any kind; and
    C.    weather conditions.

However, this exclusions only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    **We** do not cover loss or damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:
    A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2.    **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.    Promptly notify **us** or **our** representative.
        ...
    B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
    C.    Cooperate with us in the investigation of a claim.
        ...

   E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:
    1. show **us** the damaged property;
    2. submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and
   …

Pleading further, Plaintiffs failed to promptly repair the roof of their property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

          Respectfully submitted,

          STACY & CONDER, LLP

          _____
          By: Dennis D. Conder
            State Bar No. 04656400
          901 Main Street, Suite 6200
          Dallas, Texas 75202
          (214) 748-5000
          (214) 748-1421 FAX
          conder@stacyconder.com

          ATTORNEYS FOR DEFENDANT
          METROPOLITAN LLOYDS INSURANCE
          COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___26th___ day of ___April___, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

_____
Dennis D. Conder

PAN/PLDG/567971.1/001466.16883